## OGILVIE v RUTLEDGE
### Case No. Co85-4432
County Court, Orange County

October 29, 1985

### APPEARANCES OF COUNSEL

**Robert L. Taylor** for defendant.
**J. Stuart Smith** for plaintiff.

### OPINION OF THE COURT

JAMES C. HAUSER, County Judge.

This cause came to be heard before this Court on October 16, 1985. The Plaintiff owns a mobile home park and leases mobile home lots to tenants who own their mobile homes. In the case at bar the landlord filed a complaint for eviction based on Susan Rutledge's failure to live peacefully within the park. At the trial, the court orally ruled there was sufficient evidence of a violation of the lease to warrant her eviction.

However, the mobile home in question is owned not only by Susan Rutledge, but her mother, Irene Hudak, Defendant's exhibit 1. Ms. Hudak did not sign the lease with the park owner and never lived in the mobile home park (Ms. Rutledge was the only one to sign the lease). Based on the evidence before this court, the court is persuaded

that the Plaintiff mobile home park did not know Ms. Hudak was an owner prior to the time a notice to quit was served on Ms. Rutledge on September 17, 1985.

However, the evidence proved that prior to filing suit, Ms. Hudak notified the landlord's attorney, Stuart Smith, that she was a part owner of the mobile home. It is agreed by both parties that Ms. Hudak was never given a notice to quit (Plaintiff's exhibit 1); nor was she served with the eviction complaint. This presents the court with two novel and difficult questions:

1. Does a park owner have a statutory obligation to give a notice to quit (pursuant to 723.061) to an individual who owns a mobile home but does not live in the park?

2. Does a park owner have either a *statutory* or *constitutional* obligation to make the owner of a mobile home a party defendant of an eviction, if the owner does not live in the park or sign the lease?

At the outset, the court should point out that if the park owner did not know the owner of the mobile home, there would be no obligation to notify the owner of an impending eviction. The court believes that park owners should not be required to check the title of all residents prior to commencing eviction suits.[1]

However, this is not a case where at the time the lease was signed the park owner knew or should have known the mobile home was owned by an individual not living in the mobile home park. For example in many mobile home parks "snowbirds" live in the mobile home during the winter but rent the mobile homes to sub-tenants during the summer. If the park owner wanted to evict the sub-tenant, the court believes the owner probably would have to be joined as parties, if for no other reason than the mobile home owner signed the lease.

1) There is no statutory obligation for a park owner to give written notice prior to eviction under Fla. Stat. 723.061(1)(c) to an owner of a mobile home, who does not live in the mobile home park.

Fla. Stat. 723.003(4) defines a mobile home as:

"a person who owns a mobile home *and* rents or leases a lot within the mobile home park" (emphasis added)

---

[1] First, it is unclear how title could effectively be determined. Second, such a requirement might require that all title lienholders such as banks or mortgage companies be notified. There is certainly no statutory obligation for such a search.

Fla. Stat. 723.061(c)(1) and (2) requires that prior to an eviction based on a breach of either the lease or rules and regulations, the park owner must give written notice to the *mobile home owner* of his intention to terminate the lease (emphasis added).

Ms. Hudak is clearly not a mobile home owner under Fla. Stat. 723.003(4) because she satisfies only one of the two requirements. It is true she owns the mobile home, but she did not rent or lease the mobile home space. That being true, there is no *statutory* requirement that she be given written notice of the eviction. This is especially true in this case because was not a signatuor to the lease.

2) There is neither a statutory nor due process right for an owner of a mobile home who does not live in the mobile home park to be made a party defendant in the eviction of the mobile home.

Nowhere in Fla. Stat. 723 is there any requirement that a park owner serve the owner of a mobile home who neither lives in the park or signed the written lease.

If the Plaintiff prevails in the eviction, they will not receive possession of the mobile home, rather it will simply be moved to another location. The purpose of Statutory Summary Procedure, Fla. Stat. 51.011, is a quick resolution of eviction; this statute will be thwarted if every owner of the mobile home must be personally served.[2] The court questions whether the park owner could even maintain a cause of action against Ms. Hudak, since there is no privity of contract.

Finally, although not personally served, Ms. Hudak took part in all judicial proceedings in this case.

It is therefore ORDERED and ADJUDGED that Plaintiff's complaint for eviction is GRANTED.

It is ORDERED and ADJUDGED that Plaintiff recover the lot located at 7025 Crestfield Drive, Orlando, Florida, for which let execution issue.

The Court certifies the following two issues to the 5th DCA.

1. Does a park owner have a statutory obligation to give a notice to quit (pursuant to 723.061) to an individual who owns a mobile home but does not live in the park?

2. Does a park owner have either a *statutory* or *constitutional* obligation to make the the owner of a mobile home a party

---

[2] It is necessary that all parties in a mobile home eviction be personally served, posting is not permitted. Fla. Stat. 48.183 which permits posting applies only to landlord-tenant eviction cases, not the removal of mobile homes.

defendant of an eviction, if the owner does not live in the park or sign the lease?